NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HB ENTERTAINMENT, LLC t/a 21 SOUTH BAR & GRILLE, SCOTT BARBER & RANDEL HOLT<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HOUSTON SPECIALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | Civ. No. 16-0257<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

　　In December 2015, Plaintiffs HB Entertainment, LLC t/a 21 South Bar & Grille, Scott Barber, and Randel Holt ("Plaintiffs") filed a complaint in the Superior Court of New Jersey, Ocean County. Plaintiffs alleged that Defendant Houston Specialty Insurance Company ("Defendant") had breached its contract with Plaintiffs by refusing to provide insurance coverage. Defendant refused to indemnify or defend Plaintiffs in a lawsuit stemming from an alleged physical altercation at Plaintiffs' bar on November 9, 2013. Defendant removed Plaintiffs' state court action to federal court on January 13, 2016, and filed a Motion to Dismiss shortly thereafter. This Motion is presently before the Court.

　　Defendant attached a letter dated July 22, 2013 to its Motion to Dismiss. This letter informs Plaintiffs that their insurance policy will be cancelled on August 26, 2013. Defendant argues that since Plaintiffs' insurance policy was cancelled more than two months prior to the incident Plaintiffs seek coverage for, Plaintiffs' complaint must be dismissed. In order to properly consider the cancellation letter, the Court notified the parties that Defendant's Motion to

1

Dismiss would be converted into a Motion for Summary Judgment.  The Court gave the parties 14 days to produce any documents pertinent to the converted Motion for Summary Judgment.

Plaintiffs have not opposed Defendant's Motion or provided any additional documents.  The Court will now address Defendant's Motion as a Motion for Summary Judgment.  Defendant's cancellation letter provides compelling evidence that Plaintiffs' policy was cancelled on August 26, 2013, and therefore Defendant was under no obligation to insure Plaintiffs for the alleged November 9, 2013 incident and subsequent lawsuit.  Since there is "no genuine issue as to any material fact" Defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Therefore,

IT IS, on this 26th day of April, 2016,

ORDERED that Defendant's Motion to Dismiss (ECF No. 4) is GRANTED; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case.

      *Anne E. Thompson*
      ANNE E. THOMPSON, U.S.D.J.